IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DAVAREUS CLARK**                                                                                         **PLAINTIFF**

v.                                              Case No: 4:22-cv-00701-LPR

**LITTLE ROCK POLICE
DEPARTMENT; GOMEZ, Homicide
Detective, Little Rock Police Department;
DOES 1-2, Police and Homicide Detectives**                                     **DEFENDANTS**

## ORDER

Plaintiff Davareus Clark was in custody at the Dallas County Detention Center at the time he filed his *pro se* complaint pursuant to 42 U.S.C. § 1983.[1] Mr. Clark sues the Little Rock Police Department (LRPD), LRPD Homicide Detective Gomez, and Doe Detectives in their personal and official capacities, seeking damages.[2] Upon its initial screening of the complaint pursuant to the Prison Litigation Reform Act, the Court stayed this case until the underlying state criminal proceedings against Mr. Clark were resolved.[3] Mr. Clark has filed a Motion to Reopen this action.[4] Public records confirm that the state criminal proceedings against Mr. Clark have concluded.[5] Therefore, the Motion to Reopen (Doc. 6) is GRANTED. The Court will continue screening Mr. Clark's claims.[6]

---

[1] Compl. (Doc. 2) at 3. Along with his Complaint, Mr. Clark filed a Motion for Leave to Proceed *in forma pauperis*, which the Court granted. *See* Mot. for Leave to Proceed *in forma pauperis* (Doc. 1); Order (Doc. 3) at 2.

[2] Compl. (Doc. 2) at 2, 6.

[3] Order (Doc. 3) at 4–5.

[4] Pl.'s Motion to Reopen (Doc. 6).

[5] *See State v. Clark*, 60CR-22-883 (Pulaski County Circuit Court). The Court "may take judicial notice of judicial opinions and public records . . . ." *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005); *see* FED. R. EVID. 201.

[6] *See* 28 U.S.C. § 1915A.

I.  **Complaint Allegations**

According to his Complaint, Mr. Clark was facing two capital murder charges and one battery charge in the Circuit Court of Pulaski County, Arkansas, at the time he filed this lawsuit.[7] Mr. Clark explains that on January 21, 2022, while detained on separate, undiscussed charges, he was booked on the new charges of capital murder and battery.[8] Mr. Clark claims he knew nothing about the new charges and was never questioned by any homicide detectives about the allegations.[9] Mr. Clark says that his attorney reported to him that another person was questioned about the homicides and told investigators that Mr. Clark was not involved.[10] Mr. Clark alleges detectives refused to investigate his lack of involvement or to "ping" his phone to show that he was not at the location of the murders when they occurred.[11]

II. **Screening**

Before docketing a complaint, or as soon as practicable after docketing, the Court must review the complaint to identify cognizable claims or dismiss the complaint, or any portion of the complaint, if it: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief.[12] Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations must be sufficient to raise the right to relief

---

[7] *See State v. Clark*, 60CR-22-883 (Pulaski County Circuit Court).

[8] Compl. (Doc. 2) at 4.

[9] *Id*.

[10] *Id*. at 4–5.

[11] *Id*. at 6.

[12] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B).

above a speculative level.[13]  A *pro se* complaint is construed liberally, but it must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.[14]

### III. Mr. Clark's Claims

Liberally construing the Complaint, Mr. Clark alleges he was unlawfully charged with capital murder and battery and that his innocence was not properly investigated.[15]  To state a claim for relief under § 1983, Mr. Clark must allege that a person acting under the color of state law deprived him of a constitutional (or statutory) right.[16]  Mr. Clark's allegations against the Little Rock Police Department fail as a matter of law because the police department is not considered a "person" within the meaning of 42 U.S.C. § 1983.[17]  The Little Rock Police Department will therefore be terminated as a party to this action.

As to the other Defendants, Mr. Clark sues Gomez and unidentified police officers and homicide detectives in their individual and official capacities.[18]  Individual liability under § 1983 is based on that individual's actions—and the Complaint does not state any allegations specific to a particular Defendant.  As a result, it is impossible for the court to evaluate whether any particular Defendant's actions may have violated Mr. Clark's rights.  As to the official capacity claims, the Defendants are all police officers or detectives with the Little Rock Police Department.  A suit against a police officer in his official capacity is essentially a suit against his

---

[13] *See* FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citation omitted)).

[14] *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

[15] Compl. (Doc. 2) at 5–6.

[16] *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

[17] *See Ketchum v. City of West Memphis,* 974 F.2d 81 (8th Cir. 1992) (holding that the West Memphis Police Department and Paramedic Services were merely subdivisions of the City government and not separate juridical entities).

[18] Compl. (Doc. 2) at 2.

employer.[19]  Thus, by suing Defendants in their official capacities, Mr. Clark is essentially suing the City of Little Rock.  To state a claim against the City of Little Rock, Mr. Clark must identify an official municipal policy or unofficial custom that caused or contributed to the violation of Mr. Clark's rights.[20]  Mr. Clark has not identified any such policy or custom.  As it is currently pleaded, Mr. Clark's Complaint fails to state a claim against any Defendant.

If Mr. Clark wants to proceed past the screening stage of this lawsuit, he may file an Amended Complaint within 45 days from the date of this Order.  The Amended Complaint should provide specific facts against each named defendant in a simple, concise, and direct manner, including dates, times, and places, if applicable.  Essentially, Mr. Clark should explain the who, what, when, where, and how of his troubles, including how he was harmed by each defendant's conduct.[21]  If Mr. Clark fails to file an Amended Complaint within 45 days of the date of this Order, his lawsuit will be dismissed for failure to state a claim.  If he does amend his Complaint, Mr. Clark must understand that his Amended Complaint will completely supersede and replace his original Complaint, rendering his original Complaint a nullity.

IT IS THEREFORE ORDERED that:

1. Mr. Clark's Motion to Reopen Case (Doc. 6) is GRANTED.  The Clerk of the Court is directed to reopen this action.

2. The Little Rock Police Department is TERMINATED as a party to this action.

3. Mr. Clark is directed to file an Amended Complaint as described in this Order within 45 days of the date of this Order.

---

[19] *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).

[20] *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978).

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

4.   The Clerk is directed to send Mr. Clark a blank § 1983 complaint form along with a copy of this Order.

5.   Service is not appropriate at this time.

IT IS SO ORDERED this 10th day of June 2025.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE